IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| KARL DEE KAY,<br><br>    Plaintiff,<br><br>v.<br><br>NANCY BEMIS et al.,<br><br>    Defendants. | Case No. 2:05 CV-995-DS<br><br>SCREENING ORDER |

Plaintiff, Karl Dee Kay, an inmate at the Utah State Prison, filed this *pro se* civil rights suit under 42 U.S.C. § 1983. See 42 U.S.C.A. § 1983 (2006). Plaintiff was granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. See 28 id. 1915. This case is now before the Court for screening of Plaintiff's Complaint under 28 U.S.C. § 1915(e), and consideration of Plaintiff's motion for a preliminary injunction and restraining order.

**ANALYSIS**

**I. Screening Standard of Review**

Under 28 U.S.C. § 1915(e)(2)(B), a court shall dismiss any claims in a complaint filed *in forma pauperis* if they are frivolous, malicious or fail to state a claim upon which relief may be granted. "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Perkins v. Kan.*

*Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999). When reviewing the sufficiency of a complaint the Court "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

Because Plaintiff is proceeding pro se the Court must construe his pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Id.* However, "[t]he broad reading of the plaintiff's complaint does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.* While Plaintiff need not describe every fact in specific detail, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Id.*

## II. Plaintiff's Allegations

Plaintiff's Complaint alleges four separate causes of action under the First, Fourth, Eighth and Fourteenth Amendments. The first cause of action alleges that Defendants violated Plaintiff's First Amendment right to freely exercise his religion by prohibiting him from possessing tarot cards, and by restricting him from purchasing incense and certain religious books, while at the Bonneville Community Correctional Facility (BCCF). Plaintiff alleges that BCCC officials not only denied his requests for tarot cards but also confiscated them from him

on two occasions when he brought them into BCCF without permission. Plaintiff states that he also received a disciplinary write-up for these incidents. Finally, Plaintiff alleges that BCCF officials prohibited him from purchasing incense, and books with references to magic or witchcraft on the cover.

Plaintiff's second cause of action alleges that Defendants arrested him on a parole violation using a warrant based on knowingly false information and fabricated evidence, in violation of the Fourth Amendment. Although Plaintiff's complaint does not specifically identify the allegedly false information, it appears that he is referring to evidence showing that he was involved in a sexual relationship with a female co-worker. Plaintiff further alleges that his wrongful arrest and parole revocation were retaliation for his efforts to obtain legal assistance regarding his free exercise claim.

Plaintiff's third cause of action alleges that Defendants subjected him to cruel and unusual punishment, in violation of the Eighth Amendment, by "persecuting Plaintiff for seeking legal counsel." Plaintiff does not clearly describe the "persecution" he allegedly received, although it appears he is partially referring to his parole revocation and recommitment to prison.

Finally, Plaintiff alleges in his fourth cause of action that he was denied due process in his parole revocation

proceedings in violation of the Fourteenth Amendment. Plaintiff admits that he was granted "an evidentiary hearing before the Board of Pardons" on April 18, 2003, and May 23, 2003; and that a re-hearing was scheduled in September of 2003. Plaintiff does not specifically identify any procedural deficiencies at his parole revocation hearing but he alleges that false statements and perjured testimony were considered. Plaintiff states that the Board of Pardons' decision to revoke his parole was based on the mistaken conclusion that Plaintiff was untruthful about his relationship with a co-worker.

Plaintiff's Complaint names numerous defendants, including officials from BCCF, Adult Probation and Parole (AP&P), and the Utah Board of Pardons and Parole. Plaintiff seeks compensatory and punitive damages, as well as injunctive relief.

### III. Sufficiency of Plaintiff's Allegations

#### A. Improper Defendant

To state a viable civil rights claim under 42 U.S.C. § 1983 a plaintiff must show an "'affirmative link'" between the harm allegedly suffered and the actions of each named defendant. See *Anaya v. Crossroads Managed Care Sys. Inc.*, 973 F. Supp. 1228, 1248 (D. Colo. 1997) (citation omitted), *rev'd on other grounds*, 195 F.3d 584 (10th Cir. 1999). Liability for a civil rights violation cannot be based on respondeat superior. See *West v. Atkins*, 487 U.S. 42, 54 n.12, 108 S. Ct. 2250, 2258 n.12 (1988);

4

*Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) ("[S]upervisor status by itself is insufficient to support liability. Rather, '[p]ersonal participation is an essential allegation in a § 1983 claim.'").

Plaintiff does not allege any facts affirmatively linking Jim Allred or Jeff Macloed to the violations asserted in his Complaint. In fact, Allred and Macloed are not mentioned anywhere in the body of the Complaint, and it appears that they are named as defendants based solely on their supervisory roles. Thus, the Court finds that Defendants Allred and Macloed must be dismissed from this case.

## B. Free Exercise Claim

It is well established that "convicted prisoners do not forfeit all constitutional protections by reason of their conviction and confinement in prison." *Bell v. Wolfish*, 441 U.S. 520, 545, 99 S. Ct. 1861, 1877 (1979). "The Free Exercise Clause mandates that prison authorities afford prisoners reasonable opportunities to exercise their sincerely held religious beliefs." *Hammons v. Saffle*, 348 F.3d 1250, 1254 (10th Cir. 2003) (citing *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348, 107 S. Ct. 2400, 2404 (1987)). However, "[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Bell v. Wolfish*,

441 U.S. 520, 546, 99 S.Ct. 1861, 1889 (1979). Thus, prison officials may restrict inmates' religious practices to accomplish the goals of "maintaining institutional security and preserving internal discipline," *id.*, so long as the restrictions are "rationally related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89, 107 S. Ct. 2254, 2261 (1987).

"The first questions in any free exercise claim are whether a plaintiff's beliefs are religious in nature, and whether those religious beliefs are sincerely held." *Snyder v. Murray City Corp.*, 124 F.3d 1349, 1352 (10th Cir. 1997) (citing *United States v. Seeger*, 380 U.S. 163, 183-84, 85 S. Ct. 850, 863 (1965)). "If either of these requirements is not met, a court need not reach the question of whether a legitimate penological interest outweighs the exercise of the First Amendment right because there is simply no 'free exercise' to protect." *Carpenter v. Wilkinson*, 946 F. Supp. 522, 525 (N.D. Ohio 1996).

Plaintiff's Complaint does not allege facts showing that he was denied a reasonable opportunity to exercise his sincerely held religious beliefs. First, Plaintiff does not identify what religion he practices. Although he makes one reference to "Wiccan books" he does not allege any religious affiliation or clearly identify the nature of his religious beliefs. Second, Plaintiff does not allege any facts from which one could conclude that his beliefs are sincerely held. Finally, Plaintiff has not

6

alleged any facts showing that the items allegedly denied to him--tarot cards, incense, and books about magic or witchcraft--are necessary to the practice of his religion.

In the absence of such basic factual allegations the Court cannot conclude that the restrictions challenged by Plaintiff placed an unreasonable burden upon his exercise of religion. Thus, the Court concludes that Plaintiff's Complaint fails to state a Free Exercise claim under the First Amendment.

### C. Remaining Claims

Although Plaintiff assert three separate causes of action for false arrest, cruel and unusual punishment, and denial of due process, it appears from the factual allegations in the Complaint that these claims are part and parcel of Plaintiff's assertion that his parole was illegally revoked. The essence of these allegations appears to be that Defendants conspired to have Plaintiff's parole revoked based on false testimony, which Plaintiff asserts makes his current confinement itself a form of cruel and unusual punishment.

In *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364 (1994), the Supreme Court held that claims for damages or release from confinement based on unconstitutional imprisonment are not cognizable under 42 U.S.C. § 1983 unless the plaintiff can show that his conviction or sentence has already been invalidated. *Id.* at 487. The Tenth Circuit has expressly extended the *Heck*

7

doctrine to apply to parole revocations. See <u>Crow v. Penry, 102 F.3d 1086, 1087 (10th Cir. 1996)</u> ("[*Heck*] applies to proceedings that call into question the fact or duration of parole or probation."). Thus, before pursuing a wrongful imprisonment claim under § 1983, including one based on an allegedly invalid parole revocation, a "plaintiff must prove that [his] conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." <u>Id.</u>

It is clear from Plaintiff's allegations that he cannot recover on his claims related to his parole revocation without calling into question the validity of his conviction or current confinement, as prohibited under *Heck*. Because Plaintiff cannot show that his parole revocation has been invalidated by either a state tribunal or a federal habeas corpus decision, the Court concludes that Plaintiff's remaining claims are not cognizable under § 1983 and must be dismissed.

### IV. Motion for Injunction

Plaintiff has filed a motion for injunctive relief asking the Court to issue an "Order for Investigation" into his allegations. Although Plaintiff's motion and memorandum are difficult to decipher it appears he is asking the Court to issue an injunction prohibiting Defendants from repeating their

allegedly unconstitutional actions against Plaintiff in the future. Plaintiff's motion is based on the presumption that he will eventually be paroled and sent to BCCF again, however, Plaintiff has not provided any evidence to support this presumption. In essence, Plaintiff's motion for an injunction merely seeks to expedite some of the relief he seeks in his Complaint.

A preliminary injunction is an extraordinary and drastic remedy which should not be granted unless the right to relief is clear and unequivocal. *SCFC ILC, Inc. v. VISA USA, Inc*, 936 F.2d 1096, 1098 (10th Cir. 1991). Further, to obtain a preliminary injunction, Plaintiff must show, among other things, that there is a "substantial likelihood that [he] will eventually prevail on the merits" of his case. *Great Salt Lake Minerals and Chems. Corp. v. Marsh*, 596 F. Supp. 548, 553 (D. Utah 1984).

Plaintiff has not met the heightened pleading standard required for preliminary injunctive relief. Based on its finding that Plaintiff's complaint fails to state a claim on which relief may be granted the Court cannot conclude that there is a substantial likelihood Plaintiff will eventually prevail on the merits. Thus, Plaintiff's motion for a preliminary injunction or restraining order is denied.

**ORDER**

Based on the foregoing analysis, **IT IS HEREBY ORDERED** that:

(1) Plaintiff's motion for a preliminary injunction or restraining order is **DENIED**;

(2) Jim Allred and Jeff Macloed are **DISMISSED** as defendants in this case; and,

(3) Plaintiff's complaint is **DISMISSED** under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim on which relief can be granted.

DATED this 25th day of January, 2007.

BY THE COURT:

_____
DAVID SAM
United States District Judge